UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF OKLAHOMA

IN RE:                                )
                                      )
PARAGON INDUSTRIES, INC.,             )    Case No.  25-80433
                                      )    Chapter 11
                                      )
        Debtor.                       )

**UNITED STATES TRUSTEE'S LIMITED OBJECTION TO APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF MCDERMOTT WILL & EMERY LLP AS COUNSEL, EFFECTIVE AS OF JUNE 13, 2025**

Ilene J. Lashinsky, United States Trustee for Region 20 (the "U.S. Trustee"), hereby files this limited objection to the Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing and Approving the Employment and Retention of McDermott Will & Emery LP as Counsel, Effective as of June 13, 2025, Doc. No. 281 (the "Employment Application"). In support of this objection, the U.S. Trustee states as follows:

**PROCEDURAL AND FACTUAL BACKGROUND**

1. Pursuant to 28 U.S.C. § 586, the U.S. Trustee has the responsibility to supervise the administration of cases filed pursuant to Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

2. On May 21, 2025, Paragon Industries, Inc. (the "Debtor"), filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code.

3. The U.S. Trustee appointed an Official Committee of Unsecured Creditors ("Committee") in this case on June 11, 2025. *See* Dkt. No. 177.

4. In the Employment Application, filed herein on July 14, 2025, the Debtor seeks to retain McDermott Will & Emery LLP ("McDermott") as counsel for the Committee and seeks such

retention to be retroactive to June 13, 2025, the date McDermott was allegedly retained by the Committee.

**LIMITED OBJECTION TO REQUESTED RELIEF**

5. The U.S. Trustee objects to the request in the Employment Application for McDermott's retention to relate back and be effective as of June 13, 2025. That request runs afoul of well-established Tenth Circuit precedent.

6. The Tenth Circuit has established that "nunc pro tunc approval is only appropriate in the most extraordinary circumstances. Simple neglect will not justify nunc pro tunc approval of a debtor's application for the employment of a professional." *In re Land*, 943 F.2d 1265, 1267-68 (10th Cir. 1991); *see also In re Schupbach Invs., LLC*, 808 F.3d 1215, 1220 (10th Cir. 2015).

7. In its Employment Application, McDermott makes a very vague statement that it "immediately commence[d] work on time-sensitive matters and promptly devote[d] substantial resources to the Chapter 11 case pending submission and approval of this Application." *See* Employment Application at p. 10, ¶ 25.

8. The U.S. Trustee submits that such a vague statement does not demonstrate extraordinary circumstances required by the Tenth Circuit to justify nunc pro tunc employment, especially in a case where no schedules have been filed and the docket does not provide much clarity on what activity McDermott has been undertaking on such a time-sensitive basis.

9. In *In re Bear Communs., LLC*, the bankruptcy court allowed nunc pro tunc employment of committee counsel. No. 21-10495-11, 2021 Bankr. LEXIS 2553 (Bankr. D. Kan. Sept. 17, 2021). However, there was a challenge to the makeup of the committee which committee counsel was required to address immediately and was fully consumed with activities directly

related to that challenge. The evidence was sufficient, the court found, to establish extraordinary circumstances.

10. It is possible that McDermott has faced such challenges. However, on the face of its Employment Application, it has not satisfied its burden to show extraordinary circumstances which would warrant employment back to June 13, 2025, more than a month before the Employment Application was filed.

11. The U.S. Trustee reserves its right to object to the reasonableness of McDermott's fees, including the rates charged, until such time as McDermott seeks approval of fees incurred in this case.

WHEREFORE, for the reasons set forth herein, the U.S. Trustee objects to the Employment Application.

> ILENE J. LASHINSKY
> UNITED STATES TRUSTEE
>
> *s/ Mary E. Kindelt*
> Karen Walsh, OBA # 14690
> Mary E. Kindelt, OBA # 21728
> 224 S. Boulder, Suite 225
> PO Box 3044
> Tulsa, OK 74101
> Telephone: (918) 581-6687
> E-mail: mary.kindelt@usdoj.gov