UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF OKLAHOMA

IN RE:                                    )
                                          )
PARAGON INDUSTRIES, INC.,                 )   Case No. 25-80433
                                          )   Chapter 11
                                          )
         Debtor.                          )

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S AMENDED APPLICATION PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 328(a) FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF DAVID R. PAYNE AS CHIEF RESTRUCTURING OFFICER FOR DEBTOR IN POSSESSION, <u>EFFECTIVE AS OF THE DATE OF THE PETITION</u>**

Ilene J. Lashinsky, United States Trustee for Region 20 ("U.S. Trustee"), hereby files this Objection to Debtor's Amended Application Pursuant to Bankruptcy Code Sections 327(a) and 328(a) for an Order Authorizing the Employment and Retention of David R. Payne as Chief Restructuring Officer for Debtor in Possession, Effective as of the Date of the Petition ("Application") filed herein on July 8, 2025 at Dkt. No. 259. In support of this Objection, the U.S. Trustee states as follows:

1. Paragon Industries, Inc. ("Debtor") filed its Petition on May 21, 2025 ("Petition Date"). *See* Dkt. No. 1.

2. On June 11, 2025, the U.S. Trustee appointed an Official Committee of Unsecured Creditors. *See* Notice of Appointment of Official Committee of Unsecured Creditors, Dkt. No. 177.

3. By the Application, the Debtor seeks to retain David R. Payne ("Payne") as Chief Restructuring Officer ("CRO") pursuant to Sections 327 and 328 of the Bankruptcy Code, which governs retention of professionals to assist and advise a debtor in a bankruptcy case.

1

4. The Debtor did not file its Schedules or Statement of Financial Affairs with its Petition. In fact, the Debtor has sought and was granted three separate 14-day extensions beyond the time provided by Fed. R. Bankr. P. 1007(a) or until July 16, 2025, to file its Schedules and Statement of Financial Affairs. *See* Order Granting Debtor's Motion to Extend Time to File Case Opening Documents, Dkt. No. 131; Order Granting Debtor's Second Motion to Extend Deadline to File Case Opening Documents, Dkt. No. 192; Order Granting Debtor's Third and Final Motion to Extend Time to File Case Opening Documents, Dkt. No. 239.

5. The Debtor failed to file its Schedules and Statement of Financial Affairs by July 16, 2025, as ordered by this Court.

6. The Debtor has also failed to file Monthly Operating Reports for May and June in contravention of the requirements of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure.

7. Two creditors have filed motions seeking the appointment of a Chapter 11 trustee in the case. *See* Byline Bank's Motion to Appoint Chapter 11 Trustee with Brief in Support, Notice of Opportunity for Hearing and Notice of Hearing, Dkt. No. 107; *see also* CTAP, LLC and Sooner Pipe, L.L.C.'s Joinder and Statement in Support of Byline Bank's Motion to Appoint Chapter 11 Trustee or, Alternatively, Motion to Appoint Chapter 11 Trustee, Dkt. No. 225.

8. The U.S. Trustee objects to Payne's retention on three bases: (1) the Application is inconsistent and the proposed responsibilities of Payne as CRO are not clear; (2) to the extent that Payne is delegated the authority to control all business operations, assets, and financial affairs of the Debtor, his appointment as CRO is an end run around appointment of a Chapter 11 trustee; and (3) based on what the U.S. Trustee understands Payne's role to be, retention under 11

U.S.C. §§ 327 and 328 is inappropriate.  Finally, as discussed in the final section herein, even if Debtor sought to retain Payne pursuant to 11 U.S.C. § 363(b), such retention should be denied.

**The Application and Attached Documents are Inconsistent and Payne's Proposed Responsibilities Are Not Clear.**

9. The Application is inconsistent in several places as to the responsibilities of Payne if he is engaged as CRO.  It appears that the Debtor is attempting to retain Payne as CRO but to potentially delegate to him responsibilities more appropriate for a Chapter 11 trustee.

10. For example, the Application provides that "[a]ll corporate officers, shareholders, and employees shall be subordinate to Payne, whose authority shall be absolute and without interference, pursuant to the resolution unless otherwise requested modification by the Board pursuant to further filing, notice, and order of the Court." *See* Application at p. 5.  The Application also states that "[t]he board maintains oversight over Payne and can remove him, with notice and opportunity for hearing." *Id*. at p. 8.

11. In the Unanimous Written Consent of the Board of Directors and the Shareholder of Paragon Industries, Inc. ("Consent"), attached as an exhibit to the Application, one of Payne's responsibilities would be "supervision and control of all business operations, assets, and financial affairs of the Debtor."  And the next resolved provision states that "Mr. Payne shall consult and coordinate with the Debtor's management to determine what is in the best interest of the estate."  Finally, the consent states that "while the Board of Directors shall maintain oversight over Mr. Payne, Mr. Payne, and any powers granted hereunder, may be removed as Chief Restructuring Officer only upon a duly entered order of the United States Bankruptcy Court for the Eastern District of Oklahoma . . . or court of appellate jurisdiction, after notice and opportunity for hearing."

3

12. Payne's Retention Agreement ("Retention Agreement") which is also attached as an exhibit to the Application, provides no clarity. The Retention Agreement provides that "[t]he CRO will coordinate with the chief executive officer and/or the Board. . . . The CRO shall serve as a contract employee elected to serve as an officer of the Debtor."

13. The inconsistencies contained in the Application and noted herein make it impossible for this Court to approve Payne's retention as Chief Restructuring Officer for the Debtor because his role and authority is not clear.

**Payne's Delegated Authority To Control Debtor's Business Operations, Assets, and Financial Affairs as Well as the Proposed Methods To Remove Him as CRO Are End Runs Around Appointment of a Chapter 11 Trustee.**

14. The Debtor proposes to give Payne control over its business operations, its officers, its assets, and financial affairs, and the Debtor also proposes to give Payne signatory authority on Debtor's bank accounts. It would essentially be outsourcing the debtor-in-possession duties to Payne.

15. A CRO cannot be given the authority to make decisions for the debtor. The only types of chapter 11 fiduciaries provided for under the Code are debtors-in-possession, trustees, and examiners. In re *Adelphia Commc'ns Corp.*, 336 B.R. 610, 664 (Bankr. S.D.N.Y. 2006). Granting a Chief Restructuring Officer powers that go beyond managing the restructuring would usurp the role the Code establishes for a chapter 11 trustee and subvert the statutory scheme.

16. Debtor's proposal is akin to making Payne the chapter 11 trustee but without any of the safeguards and responsibilities of a chapter 11 trustee under the Bankruptcy Code.

17. In fact, one court has denied retention of a CRO because it determined that the broad scope of the powers of the proposed CRO were an "attempted 'end run' around the U.S. Trustee's statutory role in appointing Chapter 11 trustees set forth in § 1104(d)" and questioned

4

the court's ability "to authorize the employment of any sort of 'trustee equivalent' outside § 1104(d)." *In re BR Festivals, LLC,* No. 14-10175, 2014 Bankr. LEXIS 1276, *3-4 (Bankr. N.D. Cal. March 28, 2014) (citation omitted).

18. And, while Payne is purportedly subject to oversight of the Board of Directors, the only way for Payne to be removed or to have his responsibilities altered is after notice and opportunity for hearing before the Court. While these provisions fall just short of requiring cause to be shown for his removal or modification of duties, the Application effectively asks the Court to supplant the Board's decision-making ability and authority by presumably making findings and ordering removal or modification of Payne's duties.

19. This sounds like the procedure applicable to removal of a Chapter 11 trustee. If Payne is acting as a retained professional and not a Chapter 11 trustee, the Court and the parties should have no involvement in his continued engagement or modification of his duties because they should be solely overseen by the Debtor's Board of Directors.

20. And applying such a procedure is further inappropriate because Payne "shall serve as a contract employee elected to serve as an officer of the Debtor." *See* Retention Agreement. Requiring the Court to hold a hearing on matters involving the scope and responsibility of employees and officers of a debtor is well beyond the authority and jurisdiction provided to this Court by the Bankruptcy Code.

**Payne's Retention is Inappropriate Under 11 U.S.C. §§ 327 and 328.**

21. Regardless of the inconsistencies contained in the Application, this Court cannot approve the Application because Debtor seeks to retain Payne pursuant to 11 U.S.C. §§ 327 and 328. Section 327(a) provides that the engagement of a professional is to "represent or assist the

5

trustee in carrying out the trustee's duties" under the Bankruptcy Code, not to actually carry out the trustee's duties.[1]  *See* 11 U.S.C. § 327(a).

22. Thus, professionals employed under § 327 may not be employed and will not be compensated for services that the Code identifies as duties of a trustee.  *See, e.g., In re Computer Learning Ctrs. Inc.*, 272 B.R. 897, 903 (Banrk. E.D. Va. 2001).  Professionals may not assume the duties of a trustee and then claim a right to compensation for performing legal, accounting, or other professional services.  *Id*.

23. In this case, the Debtor is proposing to retain Payne as CRO with authority to control all business operations, assets, and financial affairs of the Debtor and he will be a contract employee elected to serve as an officer of the Debtor in contravention of 11 U.S.C. § 327.

24. Because the proposed responsibility and role of Payne well exceeds the responsibilities contemplated by 11 U.S.C. § 327 and 328, Payne's retention should be denied.

25. The U.S. Trustee submits that retention of Payne as CRO pursuant to 11 U.S.C. §§ 327 and 328 is therefore inappropriate and that the more appropriate procedure to engage someone for the role that the Debtor is envisioning, as contemplated by the Bankruptcy Code, is to appoint a Chapter 11 trustee.

**Payne's Retention Would Likewise Be Inappropriate Under 11 U.S.C. § 363 and the J. Alix Protocol.**

26. The U.S. Trustee notes that debtors commonly move for retention of a crisis manager or chief restructuring officer under 11 U.S.C. § 363 in order to supply that person with

---

[1] Pursuant to 11 U.S.C. § 1107, the debtor-in-possession, shall have all the rights, other than the right to compensation under § 330 and powers, and shall perform all the functions and duties, with certain enumerated exceptions, of a trustee.

powers not otherwise allowed under 11 U.S.C. § 327. The Debtor has not moved to retain Payne pursuant to § 363.

27. However, if they had, his retention as CRO should still be denied because the Application and the terms of Payne's proposed retention do not satisfy the J. Alix Protocol.

28. The J. Alix Protocol ("Protocol") is modeled after an agreement that the U.S. Trsutee entered into more than twenty years ago to resolve recurring issues that arose in connection with retention of a crisis manager under Section 363. The purpose of the Protocol is to address concerns of the U.S. Trustee's officer regarding the otherwise lack of transparency inherent in a debtor's retention of consultants under 11 U.S.C. § 363(b).

29. In the instant case, Payne's retention would be inappropriate under § 363(b) and the Protocol for the following nonexhaustive list of reasons:

- Payne fails to indicate that he intends to act in only one capacity in this case – as CRO as opposed to financial advisor and any other positions;
- Payne fails to disclose the names and propose functions of any additional staff to be furnished by Payne's firm;
- Payne would not be serving at the direction, control and guidance of an independent board of directors and serve at the board's pleasure;
- Payne's proposed limitation of liability and indemnification improperly expands the scope of indemnity beyond the terms as provided to the debtor's other officers and directors under Paragon's bylaws.

WHEREFORE, based on the foregoing, the U.S. Trustee requests that this Court enter an order denying the Application.

Dated this 22nd day of July, 2025.

Respectfully Submitted,

ILENE J. LASHINSKY
UNITED STATES TRUSTEE

*/s/ Mary E. Kindelt*_____
Karen Walsh, OBA No. 14690
Mary E. Kindelt, OBA No. 21728
224 South Boulder, Suite 225
Tulsa, OK 74103
(918) 581-6687 – Telephone
(918) 581-6674 – Facsimile
mary.kindelt@usdoj.gov – Email