UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF OKLAHOMA

IN RE:                                   )
                                         )
PARAGON INDUSTRIES, INC.,                )   Case No. 25-80433
                                         )   Chapter 11
                                         )
         Debtor.                         )

**UNITED STATES TRUSTEE'S OBJECTION TO APPLICATION OF
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR
ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF
THE BRINKMAN LAW GROUP, P.C. AS EFFICIENCY AND LOCAL
COUNSEL, EFFECTIVE AS OF JUNE 19, 2025**

Ilene J. Lashinsky, United States Trustee for Region 20 (the "U.S. Trustee"), hereby files this objection to the Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Employment and Retention of the Brinkman Law Group, P.C. as Efficiency and Local Counsel, Effective as of June 19, 2025, Doc. No. 288 (the "Employment Application"). In support of this objection, the U.S. Trustee states as follows:

**PROCEDURAL AND FACTUAL BACKGROUND**

1. Pursuant to 28 U.S.C. § 586, the U.S. Trustee has the responsibility to supervise the administration of cases filed pursuant to Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

2. On May 21, 2025, Paragon Industries, Inc. (the "Debtor"), filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code.

3. The U.S. Trustee appointed an Official Committee of Unsecured Creditors ("Committee") in this case on June 11, 2025. *See* Dkt. No. 177.

4. In the Employment Application, filed herein on July 15, 2025, the Committee seeks to retain Brinkman Law Group, P.C. ("Brinkman") as efficiency and local counsel for the

Committee and seeks such retention to be retroactive to June 19, 2025, the date Brinkman was purportedly retained by the Committee.

## LIMITED OBJECTION TO REQUESTED RELIEF

5. The U.S. Trustee objects to the request in the Employment Application for Brinkman's retention to relate back and be effective as of June 19, 2025. That request runs afoul of well-established Tenth Circuit precedent.

6. The Tenth Circuit has established that "nunc pro tunc approval is only appropriate in the most extraordinary circumstances. Simple neglect will not justify nunc pro tunc approval of a debtor's application for the employment of a professional." *In re Land*, 943 F.2d 1265, 1267-68 (10th Cir. 1991); *see also In re Schupbach Invs., LLC*, 808 F.3d 1215, 1220 (10th Cir. 2015).

7. In its Employment Application, Brinkman makes a very vague statement that "[t]his relief is warranted given the exigent nature of the case and the Committee's need for immediate legal representation." *See* Employment Application at p.7-8, ¶ 24.

8. The U.S. Trustee submits that such a vague statement does not demonstrate extraordinary circumstances required by the Tenth Circuit to justify nunc pro tunc employment, especially in a case where no schedules have been filed and the docket does not provide much clarity on what activity Brinkman has been undertaking on such a time-sensitive basis.

9. In *In re Bear Communs., LLC*, the bankruptcy court allowed nunc pro tunc employment of committee counsel. No. 21-10495-11, 2021 Bankr. LEXIS 2553 (Bankr. D. Kan. Sept. 17, 2021). However, there was a challenge to the makeup of the committee which committee counsel was required to address immediately and was fully consumed with activities directly related to that challenge. The evidence was sufficient, the court found, to establish extraordinary circumstances.

10. It is possible that Brinkman has faced such challenges. However, on the face of its Employment Application, it has not satisfied its burden to show extraordinary circumstances which would warrant employment back to June 19, 2025, nearly a month before the Employment Application was filed.

11. From the Application, the U.S. Trustee cannot determine whether the professionals sought to be retained are complying with 11 U.S.C. § 504. Specifically, Kelley Loud ("Loud") and J. Schaad Titus ("Titus"), attorneys at local firm Titus Hillis Reynolds and Love ("Titus Hillis") have affiliated as "of counsel" attorneys with Brinkman. While the Declaration of Darren Brinkman attached as an exhibit to the Employment Application states "BLG has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code," it is not clear whether Ms. Loud or Mr. Titus anticipate sharing any of their compensation with Titus Hillis. *See* Declaration of Darren Brinkman at ¶ 19. If that is contemplated, that may run afoul of 11 U.S.C. § 504.

12. The arrangement between Brinkman, Loud, and Titus is highly unusual. Attorneys serving "of counsel" in the traditional sense, are usually treated as members of a firm for purposes of § 504. The Employment Application provides no detail on the facts and circumstances of the affiliation between Brinkman, Loud and Titus, and it is therefore impossible to determine whether fee sharing as between Brinkman, Loud and Titus as "of counsel" to Brinkman is appropriate.

13. As the leading treatise on bankruptcy has stated, "[t]he exception permitting the sharing within an association, corporation or partnership has been narrowly construed." 4 *Collier on Bankruptcy* ¶504.03[1] (16th ed.). It further provides that "when professionals claim a regular 'of counsel' or other counsel association, courts scrutinize the facts carefully." *Id*. at ¶504.03[1][a].

14. The "of counsel" arrangement in this case is anything but regular. The association is purportedly for this single case and appears to be for the purpose of allowing Brinkman to have an attorney affiliated with it who is admitted to practice before this court and to provide local representation to the Committee.[1]

15. This arrangement, if allowed, would permit, if not encourage, counsel to affiliate on a case-by-case basis with another firm in order to avoid issues with the disinterested standard that they might otherwise encounter if the firm they regularly associated with attempted to be retained.

16. The U.S. Trustee's office is very familiar with Loud and Titus, their affiliation with Titus Hillis, and their representation of parties in bankruptcy matters. Their routine involvement in local cases as members of Titus Hillis begs the question as to why any affiliation with Brinkman is necessary for their participation in the case and whether Titus Hillis may not be disinterested.

17. The U.S. Trustee reserves its right to object to the reasonableness of Brinkman's fees, including the rates charged, until such time as Brinkman seeks approval of fees incurred in this case.

WHEREFORE, for the reasons set forth herein, the U.S. Trustee objects to the Employment Application.

ILENE J. LASHINSKY
UNITED STATES TRUSTEE

*s/ Mary E. Kindelt*
Karen Walsh, OBA # 14690
Mary E. Kindelt, OBA # 21728
224 S. Boulder, Suite 225

---

[1] The U.S. Trustee notes that, other than in the Employment Application and in filings specific to this case, she is unaware of any time that Brinkman has held Loud or Titus out to the public as "of counsel" attorneys to the firm. In fact, neither Loud nor Titus is listed as an attorney on Brinkman's website. *See* www.brinkmanlaw.com/About-Us.html (last accessed July 22, 2025).

PO Box 3044  
Tulsa, OK 74101  
Telephone: (918) 581-6687  
E-mail: mary.kindelt@usdoj.gov